# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Theo Smith,

          Plaintiff,

v.

Ghana Commercial Bank, Ltd.,
and The Republic of Ghana,

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5324 ADM/JJK

_____

Theo Smith, pro se.

Juan C. Basombrio, Esq., and F. Matthew Ralph, Esq., Dorsey & Whitney, LLP, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Theo Smith's ("Smith") Objections [Docket No. 56] to Magistrate Judge Jeffrey J. Keyes's July 22, 2009 Order and Report and Recommendation ("Order and R&R") [Docket No. 55]. The Order and R&R denies Smith's Motion to Disqualify Opposing Counsel [Docket No. 30] and Motion to Include Evidence to Disqualify Opposing Counsel [Docket No. 47] (collectively "Disqualification Motions"); recommends denial of Smith's Motion for Entry of Default [Docket No. 5]; and recommends granting Defendants Ghana Commercial Bank, Ltd. ("GCB"), and the Republic of Ghana's (collectively "Defendants") Motion to Dismiss [Docket No. 19]. The procedural and factual background described in the Order and R&R are incorporated by reference. For the reasons set forth below, the Objections are overruled and the Order and R&R is adopted.

## II. DISCUSSION

### A.     Smith's Disqualification Motions

The applicable standard of review of Judge Keyes's decision on Smith's Disqualification Motions, is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Judge Keyes denied Smith's Disqualification Motions, concluding that Smith failed to make a sufficient showing that he and counsel for Defendants, the Dorsey & Whitney firm, "actually had a prior attorney-client relationship."  R&R at 6.  Smith objects, asserting that the declarations by counsel for Defendants that they do not know Smith and have no recollection of communicating with him or receiving any documents from him regarding this case are not credible.  See Objections at 4-5.  To support this assertion, Smith cites an email purportedly showing that in early 2007, he sent copies of documents and an email to an attorney at Dorsey & Whitney asking if the attorney would be interested in representing Smith in a case against Togo. Motion to Include Evidence, Ex. 403SS.

The Court agrees with Judge Keyes that sending documents and an email to an attorney at Dorsey & Whitney inquiring whether the attorney would be interested in representing Smith fails to show that an attorney-client relationship had been created between Smith and Dorsey & Whitney. See Bieter Co. v. Blomquist, 132 F.R.D. 220, 223 (D. Minn. 1990) (recognizing that a disqualification motion under the Minnesota Rules of Professional Conduct requires a showing that the moving party and opposing counsel actually had a prior attorney-client relationship). In addition, the documents and the email allegedly sent by Smith relate to an entirely different dispute involving the Republic of Togo as a defendant.[1] See id. (recognizing that the matters involved in the present lawsuit must be substantially related to the matters for which the opposing counsel represented the moving party to warrant disqualification). For these reasons, Smith's objection to Judge Keyes's denial of the Disqualifications Motions is overruled.

**B.     Dispositive Motions**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

**1.     Smith's Default Motion**

---

[1] Although it is difficult to discern from Smith's pleadings, it appears this action against GCB and the Republic of Ghana concerns allegations that GCB has in its control several million dollars that Smith claims belong to him. See Compl. [Docket No. 1] ¶¶ 27, 31, 41. Smith's dispute with the Republic of Togo, which is not a party to this action, is the subject of a separate action also before this Court and is based on entirely different allegations. See Smith v. Gnassingbe, Civ. No. 07-4167 (ADM/JJK) (D. Minn. filed Oct. 3, 2007). In that breach of contract case, Smith appears to allege that he entered into a contract to be the exclusive agent in the United States for the sale of Togolese "gold dust."

Judge Keyes recommended denial of Smith's Motion for Entry of Default on several grounds, including Smith's failure to demonstrate that Defendants had been properly served. Order and R&R at 8. The Court concludes that Judge Keyes correctly determined that Defendants had not been properly served and, therefore, declines to address the alternative grounds for Judge Keyes's recommendation that Smith's default motion be denied.

      **a.      The Republic of Ghana**

Because the Republic of Ghana is a foreign state, Federal Rule of Civil Procedure 4(j) requires that service of process on the Republic of Ghana be made in accordance with 28 U.S.C. § 1608. "[Section 1608] prescribes four methods for serving legal process on a foreign state, in descending order of preference—meaning that a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 172 (D.D.C. 2006). The progression required by § 1608 is as follows:

> (1) delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of

> the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608 (a).

Judge Keyes concluded that Smith's attempts at serving the Republic of Ghana failed to comport with § 1608. As to the first method, Judge Keyes determined that Smith's assertion that he had a special arrangement with the Republic of Ghana "is not supported by the record." Order and R&R at 14. Smith objects, claiming that he had a special arrangement with the Ghanaian government and sent a copy of the summons and complaint to the office of the President of the Republic of Ghana in November 2008. Smith argues that no one in the Ghanaian government ever "object[ed]" to that "method of service," showing that the Republic of Ghana "consciously and deliberately made the decision . . . not to defend the lawsuit." Objections at 13-14. Smith's Objections also present a lengthy discussion about the "political climate" in the Republic of Ghana over the past several years. See id. at 14-15.

The Court finds no error in Judge Keyes's determination. Although Smith avers that he had a special arrangement with the Ghanaian government, the record is devoid of any actual evidence that supports Smith's assertions. By contrast, the Republic of Ghana has submitted a declaration by the Ghanaian Solicitor General, averring that "[t]here is no special arrangement for service of process between [Smith] and the Republic of Ghana." Gaisie Decl. [Docket No. 23] ¶ 9. The "political climate" in the Republic of Ghana and the African continent do not

constitute relevant evidence of whether Smith has adequately demonstrated the existence of a special arrangement.

Judge Keyes next determined that the second method of service in § 1608(a) "does not apply because there is no international convention on service of judicial documents between the Republic of Ghana and the United States." Order and R&R at 13. Smith does not object and offers no evidence contrary to Judge Keyes's determination.

With regard to the third and fourth methods, Judge Keyes determined that Smith failed to show that any efforts had been made to serve the Republic of Ghana by sending to the Clerk of the Court a copy of the summons and complaint, along with a notice of suit, translated into Ghana's official language and to be addressed and dispatched by the Clerk of the Court to either the head of the Ghanaian ministry of foreign affairs or the United States Secretary of State. R&R at 13-14 (citing 28 U.S.C. § 1608(a)(3), (4)). In late January 2009, Smith sent to the Clerk of the Court a copy of the summons and requested that the Clerk of the Court mail a copy of the summons and complaint to the Ministry of Foreign Affairs for the Republic of Ghana. See [Docket No. 3]. However, § 1608(a)(3) and (4) additionally require a copy of the complaint and a copy of a notice of suit. Smith's submissions to the Clerk of the Court in late January 2009 did not include a copy of either the complaint or the notice of suit and, for that reason, failed to comport with § 1608(a)(3) and (4).[2]

Smith apparently contends that he served the Republic of Ghana in compliance with Federal Rule of Civil Procedure 4(f)(2). Rule 4(f)(2) permits service on an individual in a

---

[2] The record also includes several documents purporting to show that Smith attempted service of something on the Republic of Ghana and GCB through the Minnesota Secretary of State. See [Docket No. 4]. Regardless of what Smith claims these documents to be, they do not show compliance with any of the accepted methods of service described in § 1608(a).

foreign country (not the foreign country itself), by a method that is reasonably calculated to give notice and is either (1) "prescribed by [the Republic of Ghana's] law for service in that country in an action in its courts of general jurisdiction;" (2) in conformance with the Republic of Ghana directions "in response to a letter rogatory or letter of request;" or (3) accomplished by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(A)-(C). Smith states he is a "Chief in Ghana's civil society [by virtue of his status as] Chairman of the Fishmongers and Petty Traders Association with the primary responsibility for economic development through business growth in the Volta and Central regions using the global standard of Resource, Event, Agent (REA) of which [he] personally established." Motion for Entry of Default, Ex. F ¶ 5. Smith explains that under the laws of Ghana, he has "legal standing to deliver any legal document by any means as one chief to another chief, as the President of Ghana is only one chief among many." Id. ¶ 6. Therefore, his service on the President of Ghana conformed to Ghanian laws for service, as required by Rule 4(f)(2)(A).

Even assuming Smith has accurately described what Ghana requires for service of process, compliance with Rule 4(f)(2) is not a permissible method of service on the Republic of Ghana. "'[S]ection 1608(a) sets forth the *exclusive procedures* for service on a foreign state.'" Magness v. Russian Fed'n, 247 F.3d 609, 615 (5th Cir. 2001) (quoting H.R. Rep. No. 94-1487, at 24 (1976), U.S. Code Cong. & Admin. News at 6604, 6623). "[A]nything less than strict compliance [with § 1608(a)] will [not] suffice . . . ." Id.

      **b.**    **GCB**

Judge Keyes found that because GCB is a foreign corporation, service of process on GCB is governed by Federal Rule of Civil Procedure 4(h)(2), which requires that service be made in any manner prescribed by Federal Rule of Civil Procedure 4(f), except personal delivery under Rule 4(f)(2)(C)(i). Order and R&R at 14. Smith has objected to Judge Keyes's conclusion that (1) Rule 4(f)(1) does not apply because there is no applicable treaty for service of process between the United States and the Republic of Ghana and (2) Smith failed to demonstrate service on GCB that complied with the other acceptable methods of service on a foreign corporation that are described in Rule 4(f)(2).

Judge Keyes also rejected Smith's claim that he attempted service under 28 U.S.C. § 1608(b). Section 1608(b) applies only to agencies and instrumentalities of a foreign state. Order and R&R at 15. Assuming without deciding that GCB is an agent or instrumentality of the Republic of Ghana, Judge Keyes concluded that Smith failed to effect proper service under § 1608(b). Id. at 15-16. Again, although not entirely clear from his submissions, Smith's position appears to be that his attempt to serve GCB's CEO and Chairman of the Board "[u]sing" Minn. Stat. § 303.13 demonstrates GCB had actual notice of the suit, that his efforts were in "substantial compliance" with § 1608(b), and that GCB was not prejudiced by his lack of strict compliance with § 1608(b). See Objections at 16-18. Several courts have held that a showing of "substantial compliance" is sufficient to accomplish effective service under § 1608(b). See Magness, 247 F.3d at 616 (collecting cases from the Third, Sixth, Ninth, Eleventh, and D.C. Circuits). Under the substantial compliance test, "the pivotal factor is whether the defendant receives actual notice and was not prejudiced by the lack of compliance." Straub v. Green, Inc., 38 F.3d 448, 453 (9th Cir. 1994).

Smith's claimed efforts to achieve service on GCB fail the substantial compliance test. Smith relies heavily on a document included in his submissions entitled "Service of Process Acknowledgment." Motion for Entry of Default, Ex. A. The document purports to show that Smith served GCB through the Office of the Minnesota Secretary of State. However, the document warns "all persons attempting service through the Office of the Minnesota Secretary of State" that "[t]he Office of the Secretary of State does not determine or attempt to determine if your service of process is valid" and that it is the individual's "responsibility to determine which statute, if any, authorizes the service [the individual is] making through this office." Id. The document further warns that "[s]ubstituted service of process through the Office of the Secretary of State does not guarantee that the service will be sufficient and permit a court to obtain or accept jurisdiction over the business entity against whom service is made." Id. These conspicuous disclosures warning that service through the Minnesota Secretary of State might not be effective negate Smith's reliance on that method of service. In addition, excusing Smith's failure to comply with § 1608(b) and accepting his attempts at service through the Office of the Minnesota Secretary of State results in prejudice to GCB given the pending default motion.[3]

Finally, "the entry of a default judgment . . . [is] committed to the sound discretion of the district court." United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). Both the Republic of Ghana and GCB have appeared to contest Smith's action. In such circumstances, it is within a district court's discretion to refuse to enter a default.

---

[3] Smith also argues that GCB is in violation of 31 U.S.C. § 5318(k)(3)(B), which "mandates that [GCB] have an authorized person who resides in the U.S. to accept service of legal process." Objections at 16. This argument is not relevant to the question of whether Smith effected proper service on GCB.

See Sims v. Menu Foods Income Fund, No. 07-5053, 2007 WL 1341376, at *1-2 (W.D. Ark. May 7, 2007) (quoting Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2682).

    2.    **Defendants' Motion to Dismiss**

Judge Keyes recommended that Defendants' Motion to Dismiss be granted on the ground of lack of personal jurisdiction over Defendants. Order and R&R at 16. Even when viewing the facts in the light most favorable to Smith, Judge Keyes reasoned, Smith failed to demonstrate that Defendants have had sufficient minimum contacts with Minnesota such that maintaining the suit would comport with the Due Process Clause. Id. at 16-19 (citing Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004)).

Smith objects to Judge Keyes's determination that sufficient minimum contacts with Minnesota are lacking. Smith appears to contend that his evidence of trade statistics between Minnesota and unspecified entities located in Ghana and the underdeveloped state of Ghanian commerce make it "absurd" to fail to acknowledge that the Republic of Ghana and GCB likely account for a portion of Minnesota-Ghana trade or that they are backing or financing such trade. Judge Keyes's analysis rejecting Smith's arguments and finding insufficient minimum contacts

is well reasoned and thorough. However, a recent decision from the Second Circuit[4] alters this Court's analysis of the personal jurisdiction question.

The failure to properly serve the Republic of Ghana and GCB—which is an agent or instrumentality of the Republic of Ghana according to Smith—under § 1608 deprives this Court of personal jurisdiction over the Republic of Ghana and GCB. See Altmann v. Republic of Austria, 317 F.3d 954, 969 (9th Cir. 2002) ("[P]ersonal jurisdiction over a foreign state exists where subject-matter jurisdiction exists *and where proper service has been made*.") (citing 28 U.S.C. § 1330(b)) (emphasis added); Magness, 247 F.3d at 617-19, n.19 (holding that personal jurisdiction over an agent or instrumentality of a foreign state was lacking when the plaintiffs had failed to demonstrate substantial compliance with the requirements of § 1608(b) for service on an agent or instrumentality of a foreign state).[5]

---

[4] The Second Circuit very recently joined the D.C. Circuit in holding that foreign states, as well as agents and instrumentalities of foreign states, are not entitled to the Due Process Clause's jurisdictional protections. Frontera Resources Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic, ___ F.3d ___, 2009 WL 3067888, at *4-7 (2d Cir. Sept. 28, 2009) (overruling Texas Trading & Milling Corp. v. Fed. Republic of Nigeria, 647 F.2d 300 (2d Cir. 1981)). Thus, the question whether a court may exercise personal jurisdiction over a foreign state and its agents and instrumentalities does not involve a due process analysis of minimum contacts with the forum. See also I.T. Consultants, Inc. v. Republic of Pakistan, 351 F.3d 1184, 1191 (D.C. Cir. 2003) (holding that foreign states are not "persons" entitled to due process protections and, therefore, "[w]e . . . do not need to examine whether Pakistan has the minimum contacts that would otherwise be a prerequisite for personal jurisdiction under the Due Process Clause") (quotation omitted).

[5] In response to Judge Keyes's Order to Show Cause [Docket No. 10], Smith asserted that GCB is an agent or instrumentality of the Republic of Ghana. See Response [Docket No. 11] ¶ 2. Defendants have not directly refuted this assertion, although they have submitted a declaration stating that GCB is separate and distinct from the Republic of Ghana and that the Republic of Ghana owns only "some shares in [GCB]." Asokea Decl. [Docket No. 24] ¶ 5. If GCB is not an agent or instrumentality of the Republic of Ghana, then Federal Rule of Civil Procedure 4(f) would govern service of process on GCB and a showing of minimum contacts presumably would be required, in which case the Court adopts Judge Keyes's minimum contacts analysis. As previously discussed, Smith's attempts at service on GCB also failed to comply

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Keyes's R&R [Docket No. 55] is **ADOPTED**;

2. Smith's Objections [Docket No. 56] are **OVERRULED**;

3. Smith's Motion to Disqualify Opposing Counsel [Docket No. 30] is **DENIED**;

4. Smith's Motion to Include Evidence to Disqualify Opposing Counsel [Docket No. 47] is **DENIED**;

5. Smith's Motion for Entry of Default [Docket No. 5] is **DENIED**;

6. Defendants' Motion to Dismiss [Docket No. 19] is **GRANTED**; and

7. Smith's Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 13, 2009.

---

with Rule 4(f). Accordingly, regardless of whether service on GCB is analyzed under § 1608(b) or Rule 4(f), Smith's attempts at service were defective and personal jurisdiction is lacking. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").